

1540 Broadway
23rd Floor
New York, NY 10036

646.927.5500 main
646.927.5599 fax

August T. Horvath
646-927-5544

March 16, 2020

## Via ECF

Honorable P. Kevin Castel, U.S.D.J.
U.S. District Court for the Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007

       Re:    *Barreto v. Westbrae Natural, Inc.*, Case No. 1:19-cv-9677-PKC

Dear Judge Castel:

This firm represents Westbrae Natural, Inc. ("Westbrae"), the defendant in this action. We write to request a pre-motion conference regarding Westbrae's intended motion to dismiss the First Amended Complaint (Dkt. 14) under Rule 12(b)(6), and briefly state here the grounds for the motion. The next conference currently scheduled before the Court is an Initial Conference set for April 14, 2020, at 12:30 p.m. (Dkt. 13).

## I.    The "Vanilla" Labeling Is Not Plausibly Deceptive to Reasonable Consumers

Westbrae produces soymilk under the WestSoy® brand. WestSoy soymilk is sold in several varieties, including the Organic Unsweetened Vanilla variant depicted in the Complaint. Plaintiffs' central allegation is that Westbrae, by designating the product with the characterizing flavor "vanilla," is not only making a claim about how the soymilk tastes, but also is making an implied claim that all of the vanilla taste of the soymilk comes from vanilla bean extract. This allegation fails, as a matter of law, for two reasons. First, no reasonable consumer would perceive the WestSoy packaging to imply that all of the soymilk's vanilla taste must come from vanilla bean extract. Second, even if the WestSoy packaging communicated the message alleged by Plaintiffs, they have no basis to contend that the message is false – i.e., that the vanilla flavor in WestSoy soymilk does *not* all come from natural vanilla flavor.

To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Although dismissal of false-advertising cases on this ground was once rare, a recent rash of meritless lawsuits has created a growing body of Rule 12 case law in this Circuit dismissing challenges to advertising claims because they would not deceive reasonable consumers. *See, e.g., Reyes v. Crystal Farms*, No. 18-cv-2250-NGG-RML, 2019 U.S. Dist. LEXIS 125971 at *8-10 (E.D.N.Y. July 26, 2019) (dismissing case against a claim of "made

Honorable P. Kevin Castel, U.S.D.J.
March 16, 2020
Page 2

with real butter" on mashed potato product because it would not communicate the absence of margarine to a reasonable consumer); *Davis v. Hain Celestial Group, Inc.*, 297 F. Supp. 3d 297, 334 (E.D.N.Y. 2018) (dismissing claim against a claim of "cold-pressed" juice because it would not communicate to a reasonable consumer that no processing after pressing had taken place); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 292 (S.D.N.Y. 2017) (beer did not mislead reasonable consumers that it was of Japanese origin where its Canadian origin was clearly stated).

This Complaint should be dismissed on the basis that no reasonable consumer would interpret the "vanilla" flavor designator on WestSoy soymilk as an ingredient claim. The flavor designator is there to tell the consumer how the soymilk will taste. No reasonable consumer would interpret the flavor designator as identifying the exclusive botanical source of the vanilla taste in the soymilk. Plaintiffs also allege no plausible basis why a reasonable consumer, otherwise satisfied with the taste of the soymilk, would care whether the taste comes from vanilla bean extract or some other natural vanilla flavor.

In addition, Plaintiffs provide no basis for alleging that any of the vanilla taste in the WestSoy soymilk in the suit comes from any source other than natural vanilla flavor, other than a convoluted and illogical interpretation of the products' ingredient declarations. The obvious inference from the WestSoy soymilk ingredient statement is that the vanilla taste is supplied by natural vanilla flavor (as explicitly stated on the package, Dkt. 14 ¶ 59) and that other flavor elements are supplied by other natural flavorings. The purported chromatography analysis cited in the First Amended Complaint does not conclude anything about the source of the vanilla flavor in WestSoy soymilk; that interpretation is provide solely by Plaintiffs' counsel in conclusory allegations that are entitled to no deference. The analysis also suffers from methodological flaws that make it useless for supporting Plaintiff's allegations.

## II.     Plaintiffs' Attempt to Enforce Their Interpretation of Federal Food Regulations Is Preempted

Plaintiffs allege, in several places, that WestSoy's packaging and labeling are not in compliance with regulations promulgated under the Food, Drug and Cosmetic Act (FDCA). Dkt. 14 ¶¶ 55-69, 98-107, 115. Indeed, purported non-compliance with these regulations is proffered as the only basis for the allegation that the WestSoy soymilk labeling is purportedly deceptive to consumers. *Id.* This reveals the Complaint for what it really is: Plaintiffs' attempt to privately enforce the FDCA, filed because Plaintiffs' counsel believes it has spotted a technical violation of FDA regulations. But Plaintiffs are not the FDA, and are neither competent to interpret FDA regulations nor empowered to enforce them. The right to enforce the FDCA rests exclusively with the FDA. *See* 21 U.S.C. § 337(a); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997) (there can be no private cause of action if a plaintiff's "true goal is to privately enforce alleged violations of the FDCA").

## III.    Plaintiffs Do Not Have Standing to Seek Injunctive Relief

Plaintiffs lack standing to seek preliminary or permanent injunctive relief because they fail to allege any likelihood that they will be deceived in the future by the challenged

Honorable P. Kevin Castel, U.S.D.J.
March 16, 2020
Page 3

representations, and thus, fail to demonstrate any likelihood of continuing or future injury.  *See Davis*, 297 F. Supp. 3d at 338-339; *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

IV.    **The Elements of Fraud, Negligent Misrepresentation, Warranty, and Unjust Enrichment Are Not Pled or Supported with Factual Allegations**

Plaintiffs' fraud claim should be dismissed because they have not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997), by pleading facts to show that Westbrae either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness."  *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Plaintiffs' negligent misrepresentation claim should be dismissed because, under New York common law, this cause of action requires a special relationship of trust to exist between the parties, and is not applicable to an arm's-length commercial transaction.  *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996).

Plaintiffs' express warranty claim must be dismissed because no expressly false statement, but only implied misrepresentations, are alleged.  Plaintiffs' claim for breach of implied warranty of merchantability must be dismissed because they do not allege that they purchased WestSoy soymilk directly from Westbrae or suffered any personal injury.  Absent privity of contract between Plaintiff and Defendant, a breach of implied warranty claim cannot be sustained except to recover for personal injuries.  *See Reyes,* 2019 U.S. Dist. LEXIS 125971 at *14-15; *Weisblum v. Prophase Labs., Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015).  The economic injuries alleged by Plaintiffs are not "personal injuries."  *Kolle v. Mainship Corp.*, 2006 U.S. Dist. LEXIS 28956, at *16 (E.D.N.Y. Apr. 20, 2006) (holding "where only economic loss is alleged, implied warranties do not run to remote purchasers.").

The unjust enrichment claim should be dismissed because it is duplicative of the false advertising claims.  An unjust enrichment claim is not available where it merely duplicates a contract or tort claim, which has been held to include GBL false-advertising claims.  *See Reyes,* 2019 U.S. Dist. LEXIS 125971 at *15 (dismissing unjust enrichment claim that was duplicative of GBL claims); *Weisblum*, 88 F. Supp. 3d at 296-97 (same); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).

Respectfully submitted,

August T. Horvath